UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BANK OF AMERICA, N.A.,
    *Plaintiff*,

v.

FABIOLA DERISME *et al.*,
    *Defendants*.

No. 3:19-cv-00020 (JAM)

**ORDER REMANDING ACTION TO STATE COURT**

Facing state court foreclosure proceedings, defendant Fabiola Is Ra El Bey (a.k.a. Fabiola Derisme) has filed a notice of removal seeking to litigate this action in federal court. Because it is obvious to me that there is no proper basis for federal jurisdiction and that this action has been filed in order to improperly delay ongoing state court foreclosure proceedings, I will remand the action forthwith to Connecticut state court.

### BACKGROUND

"The present action is a garden variety mortgage foreclosure that has been the subject of an extensive and torturous litigation process." *Bank of Am., N.A. v. Derisme*, No. CV096003691, 2014 WL 4413438, at *1 (Conn. Super. Ct. 2014). The Bank of America filed a state court foreclosure action against defendant in 2009. *Ibid.* In 2014, the Connecticut Superior Court granted the Bank's motion for summary judgment on liability, allowing for the litigation of a single one of defendant's counterclaims. *See id.* at *11. A review of the state court complaint, the state court docket, and a recent state court ruling (all attached to defendant's notice of removal) reveals that a judgment of strict foreclosure was entered in 2018 and that defendant's pleas for subsequent relief have been denied in state court. Doc. #1 at 11–46.

Now unhappy with the outcome of proceedings in state court, defendant filed a notice of removal to this Court on January 4, 2019. Doc. #1. According to defendant, the Court has federal jurisdiction because she has been subject to racial and religious discrimination and because she has been denied her rights to put on evidence through witness testimony, precluded from obtaining appellate stays, and subjected to various forms of intimidating activity by state court judges who have presided over the action. Doc. #1 at 2–6.

This is not defendant's first effort to remove this foreclosure action to federal court. In May 2010, defendant filed a notice of removal, and this Court remanded the action to state court on the basis of its conclusion that there was no basis for federal jurisdiction. *See Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93 (D. Conn. 2010); *see also Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311 (D. Conn. 2012) (dismissing defendant's claims against law firm that instituted mortgage foreclosure action).

## DISCUSSION

Congress by law allows for a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two of the most common grounds for a federal court's jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "federal diversity jurisdiction" pursuant to 28 U.S.C. § 1332.

Regardless of the grounds asserted for federal jurisdiction, a defendant who seeks to remove a complaint has a limited time to do so. Ordinarily, a defendant must file a notice of removal to federal court within 30 days of its receipt of the initial summons or complaint. See 28 U.S.C. § 1446(b)(1). Alternatively, if a defendant cannot ascertain from the face of a state court complaint whether a federal court would have jurisdiction over the case, then a defendant may

remove the case at a later time so long as the defendant does so within 30 days of receiving any "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (explaining time limits for removal).

Defendant filed the notice of removal in January 2019, more than nine years after the Bank first filed its foreclosure action in state court in August 2009. This was far in excess of the 30 days that is ordinarily permitted for a defendant to remove a state court action to federal court. Nor has defendant identified any amended pleading, motion, or other paper from which she was first alerted within 30 days of the filing of the notice of removal that there was a basis for federal jurisdiction in this case. Indeed, to the extent that she claims discrimination or other violations of her federal law rights throughout the course of foreclosure proceedings, defendant was on notice of these violations months or years before she chose to file the notice of removal.

Notwithstanding that the notice of removal was not timely, I need not rely on untimeliness as grounds for remand, because it is evident that there is no federal jurisdiction to begin with. As for federal question jurisdiction pursuant to 28 U.S.C. § 1331, the state court complaint alleges a foreclosure claim arising solely under state law. Doc. #1 at 9–14. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotations omitted). Under the well-pleaded complaint rule, the fact that a defendant may interpose federal law as a defense to a state law cause of action does not give rise to federal-question jurisdiction. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

3

All this was explained to defendant when Judge Kravitz remanded her prior notice of removal in this action. *See Derisme*, 742 F. Supp. 3d at 102. Judge Kravitz likewise explained why there is no alternative basis for the Court's exercise of diversity jurisdiction. *See id.* at 101–03. Because defendant's notice of removal does not even claim diversity jurisdiction, there is no reason for me to repeat this explanation here. I will remand the case for lack of federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

Because the Court plainly lacks federal jurisdiction over this case and because it is apparent that the notice of removal has been filed in an effort to improperly delay state court proceedings, the Court forthwith REMANDS this action back to the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 10th day of January 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge